## DECEMBER TERM, 1843.

### DANIEL W. WRIGHT, et al. v. W. H. SHELTON, et al.

Where the complainants in a bill in chancery assert one general claim, and the defend-
ants have a common interest in the point litigated, they are properly united, though
their rights as to the subject-matter of the suit may be separate.

A. being a judgment-creditor of B., filed his bill in equity against B., C., D., E., and F.,
charging that C., D., E., and F. were each, respectively, in possession of property be-
longing to B., conveyed by B. to them individually, to defraud the creditors of B., and
seeking to subject this property, in the hands of these different persons, to the payment
of his judgment; held, upon the demurrer of these defendants, and answers denying
fraud, that the bill was not multifarious.

It is not necessary to the joinder of different defendants, in the same bill, that a privity
exists between each two of the defendants, provided a privity exists between each of
the defendants separately, and the other defendants, upon whom the gravamen of the
bill rests.

Where, by statute, a judgment-creditor who has run his execution without effect, can by
garnishment, at law, bring in the debtors of his judgment debtor, and divert their debts
to the satisfaction of his own ; a court of equity will, by analogy to the proceedings at
law, under similar circumstances, adopt a similar course.

Courts, acting under the same system of local jurisprudence, should, where their organi-
zation and mode of procedure admit of it, make their judgments equally comprehen-
sive.

THIS cause was submitted upon the demurrer of two of the de-
fendants, according to the practice of the Court. The opinion of
the Chancellor presents a full view of the points made by the de-
murrer, and those portions of the bill to which they refer, and no
abstract of the bill is therefore given.

*Hughes*, for the demurrer.

It is insisted, that the defendant Hughes has nothing to do with the
charges of fraud against the defendants, who were directors of the
Mississippi and Alabama Railroad Company ; and so as to John
Martin.

As to both defendants demurring, they are not charged to be par-
ticipators in the fraud cancelling the mortgages given to secure pay-
ment of debts and stockholders.

The only ground upon which the other defendants can be charged

jointly, is, that they fraudulently combined to release the mortgages. See Story on Eq. Pl. 224, *et seq.*

Cocke, for the bill.

A complainant is not permitted to demand several distinct matters of distinct natures against several defendants ; nor can several complainants demand by one bill several matters, perféctly distinct and unconnected, against one defendant ; nor joint and separate demands against the same defendant. *Terrell v. Craig*, Halst. Dig. 168.

But where one general right is claimed by the bill, though the defendants have separate and distinct rights, an objection for multifariousness cannot be maintained. Ib.

A bill which only sets up one sufficient ground for equitable relief, is not rendered multifarious by the insertion therein of a separate and distinct claim, upon which the complainant is not entitled to ask for either discovery or relief. *Varick v. Smith*, 5 Paige, 254.

The complainant may join in the same bill two good causes of complaint arising out of the same transaction, where all of the defendants are interested in the same claim of right, and where the relief asked for as to each is of the same nature. Ib.

A bill in equity is not multifarious where one general right is claimed by the plaintiff, although the defendants may have separate and distinct rights. *Dunmock v. Benby*, 20 Pick. 368.

CHANCELLOR. The complainants, as the judgment creditors of the Mississippi and Alabama Railroad Company, having exhausted their remedies at law without effect, file this bill for the purpose of subjecting certain equitable assets of said Railroad Company, to the satisfaction of their judgment. It appears that the defendants, Moss, Puckett, Hobson, Coffee, and Shelton, being directors of said institution, and being largely indebted thereto for borrowed money, and on account of their subscription for stock, did severally make and deliver to said company their respective mortgages upon various tracts of land, and negro slaves, for the purpose of securing their several and respective liabilities to said company. It is alleged, that these defendants, sustaining the double relation of direc-

tors and debtors to said company, passed a resolution by which the mortgages were ordered to be released and cancelled, without any money having been paid thereon, or other real satisfaction being made, of the debts which said mortgages were intended to secure. That, after such releases had been made, the said Moss assigned in trust, to the defendant Hughes, the property embraced in his said mortgage to said company: that the said Coffee has made an assignment of the property embraced in his mortgage aforesaid, to the defendant Martin, upon some trust or conditions unknown to the complainants : that both said assignments were made with full knowledge of the prior mortgages to said company, and in fraud of the complainants' said judgment. The bill prays that these mortgages may be declared in force, and carried into effect for the satisfaction of said judgment. To this bill, the defendants Hughes and Martin have each filed their separate demurrers, together with answers denying the fraud charged in the bill. These demurrers were set down for argument according to the practice of the Court. The ground taken by each, is, that the bill seeks relief upon separate and distinct matters, and against separate and distinct persons, having no privity of interest in regard to the several matters of the bill. Whether this ground is well taken or not, will be best illustrated by an application of the settled principles of pleading as to the admissibility of uniting different matters against the same or different defendants, in the same bill. One of the leading rules upon this subject, is, that where the complainant asserts one general claim, and the defendants have a common interest in the point litigated, they are properly united, although they may have separate rights as to the subject-matter of the suit. Here, the complainants are the judgment creditors of the railroad company, and the object of their bill is to obtain satisfaction of their debt out of the effects of that company, which they allege have been fraudulently passed into the hands of the present defendants. It is to be remarked, that the principal defendants were the directors of that company, charged with the administration of its affairs, and with the preservation of its effects. They held these effects as trustees, for the benefit of the creditors and stockholders of the institution, and were bound to administer them in good faith. And yet the bill shows, that these

defendants, after having mortgaged certain of their property to the company, they subsequently, in their character of directors thereof, ordered these mortgages to be cancelled, and the property reconveyed to themselves, without having paid a dollar of the money due thereon, and that the after-assignment to Hughes and Martin was made with notice of these facts, and without any consideration therefor. The answers of Hughes and Martin do not deny the notice charged, but simply deny all fraud and combination. The charge, therefore, of notice, and of want of valid consideration in the assignment to them, are left in full effect, as charged in the bill. Here, then, are a series of joint acts on the part of Hobson, Coffee, Moss, Puckett, and Shelton, by which it was intended, as is alleged, to defraud the creditors of the company, and discharge themselves as its debtors. The general claim of the bill, is, to have the property, which was the subject of their fraudulent transactions, applied to the satisfaction of the complainants' judgment. This property is claimed by the bill, as the property of the railroad company — the judgment debtor of the complainant. Each of the defendants are alleged to be in possession of, or claiming some separate interest to different portions of that property. It is thus apparent, that the main point in litigation, is the alleged fraudulent release of the debts and mortgages, by which Shelton, Puckett, Moss, Coffee, and Hobson, in their character of directors, discharged themselves from the debt which they owed the company, and reconveyed to themselves the mortgaged property, which property constituted a part of the assets of that company, without any consideration whatever. Hughes and Martin derive their claim through this tainted and fraudulent channel ; and, although it is not pretended that they were guilty of any fraud themselves, yet, unless they stand in the light of purchasers without notice, for a *present* valuable consideration, I apprehend that the claim of the creditors of the company must be regarded as paramount to theirs. *Whelan* v. *Whelan*, 3 Cow. R. 537. I think, from these views of the case, that there is sufficient connection shown between the different defendants and the subject-matter of the suit, to authorize their joinder in the same bill. Although there is no privity shown between Martin and Hughes, yet there is a privity between each of them and the other defendants,

upon whom the *gravamen* of the bill rests. The case, divested of all its verbiage, is simply this : the complainants, as judgment creditors of the Alabama Railroad Company, ask to subject the property of their debtor to the satisfaction of their claim, which they allege has been transferred to the hands of the defendants, without any consideration. In the case of *Fellows* v. *Fellows* (4 Cow. Rep. 682), it was held, that where a judgment debtor has conveyed different portions of his property to different persons, in fraud of his creditors, that each of such purchasers may be united with the debtor in the same bill, by a judgment creditor. And, in the case of *Boyd* v. *Hoyt* (5 Paige's Rep. 77), Chancellor Walworth held, that you may unite in a creditor's bill, two or more persons indebted to the judgment debtor, at different times or for distinct sums. It is true, that the Chancellor seemed to place his decision upon the provisions of a statute of New York ; but it had been repeatedly before decided, that that statute was merely declaratory of the powers and jurisdiction of a court of equity, as they existed before its passage. *Hadden* v. *Spader*, 20 John. Rep. 554 ; *Cassiday* v. *Meacham*, 3 Paige's Rep. 312. If such jurisdiction did not exist upon general principles of equity jurisprudence, I should be inclined to assume it, in analogy to a proceeding at law authorized by a statute of this State. By that statute, a judgment creditor, who has run his execution without effect, may, by the process of *garnishment*, bring in the debtors of his debtor, and divert the payment of their debts to the satisfaction of his own. It would be a reproach upon the principles of equity, to hold that the rights and remedies of a judgment creditor are less comprehensive in this Court than at law. Courts acting under the same system of local jurisprudence should make their judgments equally comprehensive, where their organization and modes of proceeding will admit of it. Upon the whole, I am of opinion that the demurrer must be overruled.